UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENT TIGLER | CIVIL ACTION NO. |
| v. | SECTION |
| STARR INDEMNITY & LIABILITY COMPANY, R & A CARRIERS, INC., AND ALFREDO AYALA | JUDGE |
| | MAGISTRATE |

**NOTICE OF REMOVAL**

All Defendants join in this notice to remove this suit from the Nineteenth Judicial District Court, Parish of East Baton Rouge (No. 676545) under the authority of 28 U.S.C. §§ 1441 and 1446, under diversity jurisdiction accorded by 28 U.S.C. § 1332, as follows:

1.  The complaint was first served on the first of three defendants, Starr Indemnity & Liability Company, through the Louisiana Secretary of State, on or about December 11, 2018. None of the other defendants have yet been served to our knowledge, but this notice covers all the parties in the event there subsequently was service. The other corporate defendant is R&A Carriers, Inc. which is organized under the laws of the State of Texas and has its principal place of business in Laredo, Texas. Thus, all corporate defendants were alleged to be incorporated in and citizens of states other than Louisiana and had their principal places of business elsewhere, although allegedly doing business in Louisiana. The only other defendant, an individual, is Alfredo Ayala, who, as is alleged in the complaint, lives in and is a citizen of the State of Texas. The petition further identifies the sole plaintiff, Brent Tigler, to be a citizen and resident of Jefferson Parish as of the filing of the suit. He is represented herein by Craig S. Leydecker and Ellen K. Baggett, 401 Whitney Ave., Suite 406, Gretna, Louisiana 70056.

2. This notice of removal is filed well within the 30 day period prescribed by 28 USC § 1446(b).

3. Copies of all pleadings and process and orders served on defendants in the state suit hereto, in compliance with 28 U.S.C. § 1446(a). They are attached as Exhibit 1.

4. This removal notice is filed on behalf of all defendants, whose citizenship and principal place of business for purposes of the corporate defendants are as follows:

(a) Alfredo Ayala, the only natural-person defendant, as was alleged in the suit, as of the filing of suit and as of this removal, is to be a natural person residing at 6315 Spruce Manor Lane, Houston, Texas 77085, and, a citizen and resident of Texas for the purposes of 28 U.S.C. § 1332(a)(1).

(b) R&A Carriers, Inc., defendant, as of the event sued on, and as of the filing of suit and as of this removal, is a corporation organized under the laws of the state of Texas, with its registered state-of-incorporation address at P.O. Box 524, Encinal, TX 70869, and it maintains its principal place of business, located at 709 Graceland Drive, Laredo, Texas 78045, and is a citizen of Texas for purposes of diversity jurisdiction.

(c) The third, and last, defendant, Starr Indemnity & Liability Company is a corporation organized under the laws of the state of Texas, and has its principal place of business in New York, New York.

5. The citizenship for removal its determined as of the date the state-court suit is filed. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S. Ct. 1112, 1113 n. 1 (1957); *Harris v. Black Clawson Co., Inc.*, 961 F. 2d 547, 549 (5th Cir. 1992). The citizenships listed above are correct as of the date of removal.

6. This circuit applies the "total activity" test to determine a corporation's principal place of business. *See J.A. Olsen Co. v. City of Winona*, 818 F. 2d 401, 406 (5th Cir. (1987), which incorporates the "nerve center" and "place of activities" tests as appropriate. *Black*, 961 F. 2d at 549. Where there are multi-state activities, as here, the "nerve center" test, *i.e.*, where officers make decisions, is given the weight. *J.A. Olsen*, 818 F. 2d at 411. The respective principal places of business listed above so qualify under the "total activity" text.

7. The actual amount in controversy is not explicitly stated due to state procedural rules precluding same. In such circumstances, the Court first turns to the allegations of the complaint to see whether they fairly describe, in a "facially apparent" manner, a set of alleged injuries and effects that likely could produce a recovery under Louisiana law in excess of the $75,000 amount-in-controversy threshold. *E.g., Gebbia v. Wal-Mar Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 2002). *See* also, *Gutierrez v. Swift Transport Co., Inc.*, 2011 WL 318294 (W.D. Tex. 2011). The plaintiff here makes it clear in the description of a serious collision that, he clearly alleges, were produced by an 18 wheeler operated by Mr. Ayala on December 6, 2017 when he "slammed into the rear of Brent Tigler's vehicle" while Tigler was proceeding slowly on Interstate Highway 10 near Baton Rouge. Petition, ¶III.

8. As a result of the accident, according to the petition, Tigler "sustained severe and disabling bodily injuries." (¶III). Plaintiff specifically alleges that he suffered: "injuries to his head, neck, back and shoulders. He has suffered and continue [over a year later] to suffer severe physical pain and keen mental anguish. He has required medical care and rehabilitation for the injuries and serious residuals. He has incurred medical expenses, sustained residual and permanent disabilities and impairments, both physical and mental, and will require additional

medical care. These conditions may continue, worsen or become permanent". *See* Petition, at ¶VI.

9. In paragraph VII of the petition, plaintiff follows up these allegations of long term and severe injuries with claims, not only for severe pain and suffering and anguish, but for loss of "enjoyment of life," and for "past and future loss of income" and "lost earning capacity", and for "property damage".

10. The petition establishes a "facial" claim that places in controversy far more than $75,000 exclusive of interest and costs under the applicable law, which is Louisiana law given the facts pleaded.

11. Louisiana law accords the factfinder great leeway in assessing general damages. *E.g.*, *Reck v. Stephens*, 373 So.2d 498 (La. 1979). The "amount in controversy" is established by the factual descriptions of the injuries and effects thereof here, *i.e.*, "severe "and "disability" spinal injuries that are still severe over a year after the accident.

12. What is pleaded factually by plaintiff clearly and facially puts over $75,000 *in controversy*, exclusive of interest and costs. For example, in *Shows v. Shoney's, Inc.*, 738 So. 2d 724 (La. App. 1st Cir. 1999), $300,000 in general damages were affirmed for a mere fractured coccyx and residual pain. Residual pain from spinal injuries resulted in a $225,000 award in *Comeaux v. Acadia Parish School Board*, 13 So. 3d 252 (La. App. 3rd Cir. 2009).

13. In *Ruffin v. Burton*, 34 So. 3d 301 (La. App. 4th Cir. 2009), the court affirmed a $125,000 award for an unoperated back based on long term pain complaints. A $75,000 award was rendered and affirmed in *Pollet v. Farm Bureau Cas. Ins. Co.*, 751 So. 2d 925 (La. App. 5th Cir. 1999) with an unoperated back and residual pain. Here, plaintiff alleges serious spinal injuries that disable him even now, a year after the collision took place. He also alleges loss of

income and ability to work, as well as the incurring of significant medical expenses, all of which, if proved, along with a defendant's liability, would be recoverable.

14.  With complete diversity shown (no defendant being a citizen of Louisiana while plaintiff is a Louisiana citizen) and the amount in controversy facially being over $75,000 exclusive of interest and costs, this removal is proper and timely made.

15.  A notice of removal will today be filed in the state court action, completing the removal as required by 28 U.S.C. § 1446.

Respectfully submitted,

_____
Darrell K. Cherry, (#04034)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-5141
Facsimile: (504) 566-4014
dcherry@deutsch.kerrigan.com
*Attorneys for Defendants, Starr Indemnity & Liability Co.; R & A Carriers, Inc., and Alfredo Ayala*

**CERTIFICATE OF SERVICE**

I do hereby certify that, on behalf of all defendants, I have on this 26th day of December, 2018 served a copy of the foregoing Notice of Removal on counsel for plaintiff, Craig S. Leydecker, Esq., Ellen K. Baggett, Esq., 401 Whitney Avenue, Suite 406, Gretna, Louisiana 70056, by facsimile, e-mail, or by mailing the same by United States mail properly addressed, and first class postage prepaid.

_____
DARRELL K. CHERRY