UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENT TIGLER | CIVIL ACTION |
| VERSUS | NO. 3:18-cv-01102 |
| STARR INDEMNITY & LIABILITY COMPANY, R & A CARRIERS, INC., AND ALFREDO AYALA | JUDGE JACKSON |
| | MAGISTRATE BOURGEOIS |

**MEMORANDUM IN SUPPORT OF MOTION TO DEEM PLAINTIFF'S REQUEST FOR ADMISSIONS AS ESTOPPED OR OTHERWISE NOT EFFECTIVE FOR LACK OF COUNSEL OF RECORD'S SIGNATURE AS REQUIRED BY F.R.C.P. RULE 11(A), AND ALTERNATIVE RULE 36(B) MOTION TO WITHDRAW DEEMED ADMISSIONS AND TO FILE RESPONSES AND OBJECTIONS OUT OF TIME**

MAY IT PLEASE THE COURT:

## MOTION TO DEEM DISCOVERY AT ISSUE INEFFECTIVE

### INTRODUCTION

The undersigned who is the sole attorney on this matter, was surprised to first realize late on May 23, 2019, right before the Memorial Day weekend, when engaging in a complete file review, that Requests for Admissions emailed on March 29, 2019 on behalf of plaintiff as part of a PDF attachment of mixed discovery (*See* Exhibit "1") had not been timely responded to. The oversight was due to an unusual confluence of circumstances following the illness and death of the undersigned secretary's husband on March 31, 2019 , which disrupted usual support services in the face of unusually high work demands in April, a "perfect storm" of sorts, that resulted in a mix-up in follow-

8552370v1

through. The oversight is a first time event for the undersigned in 39 years of practice, was entirely unintentional, and occurred despite much hard work.

The undersigned emailed Mr. Alvendia and Mr. Lydecker the next morning to see if the matter could be resolved amicably, sent another reminder and then waited for a reply to the next working day, May 28, 2019. Receiving no response, the undersigned performed necessary research and carefully reviewed all pleadings, where he noticed that the sole counsel of record enrolled for plaintiff was Roderick "Rico" Alvendia. *See* entry, Doc Nos. 10 & 11. J. Bart Kelly, III and Sarah E. Fontcuberta appear as typed names beneath Mr. Alvendia's on the motion, Doc No. 7, which is Mr. Alvendia's revised Motion to Enroll. *See* Exhibit "7". They were not movers and were not enrolled.[1] Pursuant to Doc Nos. 10 and 11, only Rico Alvendia was enrolled as additional counsel to Mr. Lydecker, who was then dis-enrolled on February 13, 2019, according to the Docket Sheet. Mr. Alvendia appears as sole counsel on the record and signed the Joint Status Report (Doc No. 9).

Doc No. 8 in the record is the revised motion of Rico Alvendia to enroll himself as counsel of record in the federal venue which the case was removed. Mr. Alvendia is the only lawyer specified in the motion. The Court Order that was signed enrolled only Rico Alvendia, Esq. as "additional counsel." Doc Nos. 10 & 11. The reference in the motion to "The Firm of Alvendia, Kelly & Demarest, LLC," can only refer to the affiliation of Mr. Alvendia as a partner therein, as no juridical entity holds a license to practice law and cannot be a member of the bar of the Middle District of Louisiana.

---

[1] As the argument will show, it makes no difference to the Rule 11(a) threshold violation, even if Mr. Kelly and Ms. Fontcuberta are considered to be enrolled herein. Kurt Offner, who never appears enrolled, issued the discovery at issue, and he was not an attorney of record.

On March 29, 2019 a paralegal, Kaylee Flicker, sent the email of a single PDF entitled "DISCOV TO DEF CO TRUCK" (*See* Exhibit "1", pg. 13), comprised of three consecutively paginated discovery pleadings – Interrogatories, Requests for Production of Documents and a three page Requests for Admissions, as a single document, none of which was signed by Rico Alvendia, Esq. Instead, Kurt Offner, Esq., an associate in his office, had apparently prepared them and importantly, was the only person who signed them. *See*, Exhibit "1". These papers do not comply with the threshold requirement of Rule 11(a).

As a result, the discovery pleadings should be deemed ineffective, especially the Requests for Admissions, as they were not signed by a "counsel of record" as is mandated by F.R.C.P. Rule 11(a). The enforcement of the specific foundational requirement of Rule 11(a) is critical, as pleadings like these, which unilaterally issued, can have draconian effects, and must, first, be executed by a counsel of record, and not by any other person. Enforcement of the Rule 11(a) threshold is no more technical than an automatic deeming of admissions under Rule 36(a)(3). The threshold compliance with the requirements of proper issuance of these Requests for Admissions should be a condition of their effectiveness. The violation of Rule 11(a)'s mandate of <u>counsel of record</u> signing these pleadings should result in rendering them null or ineffective, especially as to the issue of defendants being deemed to admit them due to inadvertence in response timing.

For example, in *Galbraith vs. Construction Tech. Services, Inc.*, 2014 U.S. Dist. Lexis 145769, Docket No. 13-449 (M.D. La. 10/10/14), This Court held that Requests for Admissions that were issued in violation of the case management deadlines for

completion of discovery would be ineffective to allow deemed admissions to flow from the unanswered requests, given this violation of another rule.

Rules are rules, and plaintiff, having himself violated Rule 11(a) in the issuance of these Requests for Admissions in the first instance, should not be allowed to benefit by imposing the draconian effect of deemed admissions against defendants following an inadvertent failure of defendants to answer or object to them within 30 days.

Accordingly, movers respectfully suggest that the Court issue a ruling that there are no deemed admissions here, because the Requests for Admissions could not beget them, itself having improperly been issued , and until Mr. Alvendia signs them, they cannot be effective.

## ALTERNATIVE REQUEST TO RECOGNIZE THE LACK OF SERVICE OF PROCESS ON ALFREDO AYALA AND THAT THERE CAN BE NO DEEMED ADMISSIONS AS TO AYALA IN ANY EVENT

Without service, it has long been the rule that the Court, and thus plaintiff, has no jurisdiction or power to adjudicate any of Mr. Ayala's rights. E.g., *Pennoyer vs. Neff*, 95 U.S. 714, 732 (U.S. 1877). The record is entirely bereft of any suggestion or proof of service on Mr. Ayala. Rule 4(l) requires plaintiff to prove service, which has not been ever shown to have taken place in either the state court or here.

Mr. Ayala was never served, and still has not been served, which was noted as a defense in the January 9, 2019 answer (Doc. No. 4) which denied liability and causation of injury to plaintiff. As a result, the Requests for Admissions and other discovery are not effective as to him, which point, in the present circumstances, needs to be formally recognized, now that the issue of deemed admissions is at hand.

## ALTERNATIVE MOTION TO WITHDRAW DEEMED ADMISSIONS

In the event that the issue of there being no deemed admissions is not resolved by the Court's ruling on the threshold violation of Rule 11(a) with respect to this March 29, 2019 discovery, then the alternative motion to withdraw the deemed admissions should be addressed and, respectfully, granted.

The undersigned, due to a truly extraordinary set of circumstances, unintentionally failed to file responses to a small set of Requests for Admissions that plaintiff had appended to Interrogatories and Requests for Production of Documents emailed on or near March 29, 2019. *See*, Exhibit 1, pgs. 11-12. The undersigned caught the oversight on the evening of May 23, 2019, and sought to communicate the next morning with plaintiff's counsel to see if the need for this motion could be amicably averted. The next working day was May 28, 2019, due to the Memorial Day Holiday. An unopposed motion apparently being unavailable, the undersigned immediately worked to prepare responses and researched and began drafting this motion to disqualify, and, alternatively, to seek withdrawal of the Rule 36(a)(3) deemed admission as is provided for in Rule 36(b).

An extremely important factor to note at the outset is that this case is in its infancy, especially as to discovery, with no benefit of answers to any Interrogatories, or Requests for Production of Documents which address relevant aspects of all key issues in the case. (*See* Exhibits "5" & "6"). Discovery only opened on February 19, 2019, based on a Joint Status Report that agreed that fault, existence and extent of injury, and causation of any claimed problems were open, key issues for discovery, which Starr Indemnity pursued without delay. Plaintiff knew the issues were contested, and he even

5

8552370v1

received, at his request on April 5, 2019, another set of the interrogatories and request for production in Word format to facilitate his responding. (*See* Exhibit "8"). At the time of this motion, there is plenty of time to complete discovery, and no prejudice in withdrawing the deemed admissions. The dispositive motion deadline is January 20, 2020, as the Court anticipated the need for detailed discovery, especially as to medical, issues, liability details and damages. The discovery cut-off is November 15, 2019 for facts and December 23, 2019 for experts.

Mr. Lydecker, upon the case being removed, added Mr. Alvendia as counsel in February (Doc. Nos. 7, 8, 10 & 11) and the Court had set the Rule 26 Conference for February 28, 2019 (Doc No. 4), leading to some Rule 26 initial disclosures (accident photographs, police report and some limited post-accident medical records), and the filing of the Joint Status Report (Doc No. 9) on February 13, 2019, which explicitly listed as contested issues, "liability and any contributory negligence", "causation of injuries and the extent thereof," and medical costs and lost income, and whether same was "related to this accident". (Doc No. 9 at subsubsection D). Mr. Alvendia, alone, signed that pleading. Plaintiff knew, explicitly, of these issue being contested, and had no reasonable expectation of avoiding trial or discovery, which Starr had already put into plaintiff's hands on January 9, 2019, and had resent copies on April 5, 2019. *See* Exhibit "8".

The Case Management Order issued on February 19, 2019 without need for a Rule 26 Conference, was based on the Joint Status Report. It set a trial date of August 3, 2020, primarily because of the uncertainties of causation of injury to the plaintiff and plaintiff's medical causation issues, which remained highly contested and potentially

6

complicated, needing time to play out, be discovered properly, and to arrange for independent medical examinations by defendants at the appropriate time. An initial fact discovery cut-off was set for November 15, 2019 (fact) and December 23, 2019 (expert), leaving plenty of time for plaintiff's alleged medical issues to be developed and addressed, and his medical and accident history made the subject of careful discovery. Indeed, that discovery was hoped to help increase the chances of settling the case between better-informed parties.

Consistent with the need to have discovery on the contested issues, defendants submitted discovery first to plaintiff in January, 2019, through Mr. Leydecker, and later re-sent it to Mr. Alvendia on April 5, 2019. *See* Exhibit "8". On or near March 29, 2019, plaintiff emailed a single attachment consisting of Interrogatories, Requests for Production of Documents and a three page Requests for Admissions at the end. *See,* Exhibit "1". Steps to timely prepare Responses to the Requests for Admissions (Exhibit "1") were instituted, but did not ultimately take place, quite unintentionally, due to certain unusual intervening circumstances occurring at the time, involving disruption of normal secretarial support, and extremely heavy work demands with overlapping deadlines. The undersigned caught the oversight slightly by more than three weeks after the responses were due, and filed this motion within days. The failure to timely respond was in no way intentional, certainly no basis here for overcoming the two Rule 36(b) factors for evaluating a withdrawal or amendment request: (1) Whether withdrawal will "promote the presentation of the merits of the action", and (2) "if the Court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits". F.R.C.P. Rule 36(b).

7

8552370v1

Factor one is strongly satisfied. The issues key to the merits of the case were set forth in the February 13, 2019 Joint Status Report (Doc No. 9), which remains contested pending substantive discovery that is in process, but still in its infancy. The merits of the case, both the factual circumstances relevant to liability, contributory negligence and all aspects of injury (existence, extent, causation, confounding causation and failure to mitigate), are not developed yet, and need to be the subject of discovery such as Exhibits "5" & "6", so that the merits can be presented and decided on based on that evidence to be developed by both sides and placed in proper context. The merits are subserved by withdrawing the deemed admissions of an unspecified injury (Nos. 3-4), or of various reiterations of Ayala's fault (Nos. 2, 6, 7, 8, 9), including the inconsistent fault thresholds seen in Requests No. 6 versus No. 8, to allow the witnesses to be cross-examined. Of course, with a dispositive motion deadline of January 21, 2019, if discovery provides grounds for dispositive motions, *e.g.*, on liability, plaintiff has more than adequate time to seek them.

Movers provide as Exhibit "2", the responses to the requests that are appropriate at this time, should the first argument above not dispose of the obligation to respond to a paper which itself should not have been served on March 29, 2019, because it violates the threshold requirement for serving imposed by Rule 11(a). The accident occurring is admitted in No. 1, but the full details, of it need discovery, such as Exhibits "5" & "6", before considering amendments.

Defendants, having not had their initial discovery (Exhibits "5" & "6") responded to, despite Mr. Alvendia's indication on April 5, 2019 that he would be doing so (Exhibit "8"), and are hamstrung at this early stage to list a lot of evidence, as the purpose of

discovery is to develop such things. However, the small amounts of initial disclosures under Rule 26 provide good clues.

As a result, the vague and unspecified injury requests are denied in the attached responses, as the issue of injury is clearly controverted in every respect, even by the few pages of records proffered by plaintiffs so far. The most complicated aspect of the case is damages. Mr. Tigler, according to the police report author, indicated he (Tigler) had no injury on the scene. *See*, circled portion of the police report, Exhibit "3", at pg. 6.[2]

The very limited post-accident medical records provided in the plaintiff's initial disclosures disclose that Mr. Tigler first saw a doctor only at Mr. Leydecker's referral, on December 12, 2017, six days after the accident. In addition, Mr. Tigler stated in the initial history that he had been involved in a vehicular accident about one year before this one, and defensively denied he was hurt, yet went to the emergency room. *See* Exhibit "4". We do not yet know, but on January 9, 2019, defendants asked Mr. Tigler if he had made a previous injury claim or settlement. *See* Exhibit "5" at no. 13, and Exhibit "6" at no. 5, for example. This was specifically addressed in defendants' discovery, whose other relevant details are seen on Exhibits "5" and "6"; and after plaintiff responds, a careful follow-up, is reasonably needed as does the issue of whether the objective conditions seen in Mr. Tigler are related to flow from his prior accidents, prior bodily wear and tear, and/or his work or medical history. His work history is relevant but not yet disclosed. Mr. Tigler apparently runs his own

---

[2] Mr. Ayala was never served and this jurisdictional defect was pleaded on January 9, 2019 (Doc No. 5).

transportation company. He did not volunteer his income tax returns in the initial disclosures. These determinations of many relevant facts relevant to the injury and financial loss claims require exacting details for the truth to be determined.

These inquiries were always expected, remain relevant under any circumstances and the same discovery will be needed here, because the issue of what is plaintiff's injury (if any) and the details relevant to extent and causation are not part of the Requests for Admissions, and generally could never reasonably be the subject of a Request for Admission. The merits of the case will, by necessity, require detailed discovery, follow-up independent medical exams and a full presentation of evidence, both supporting and contradicting the existence of physical injuries claimed, causation of each, and the related sequelae and prognoses. The Courts reiterate that the priority under Rule 36(b) and justice generally, is having the case resolved on "a full trial of the merits". E.g., *Thaneder vs. Time Warner, Inc.*, 352 Fed. Appx. 891, 896, 2009 US Lexis 24147 at *9 (5th Cir. 2009). Withdrawing any deemed admissions will best serve that goal and produce a just result.

The other factor, prejudice to plaintiff, likewise, is where he faces "special difficulties . . . caused by sudden need to obtain evidence upon withdrawal or amendment of an admission." The "necessity of having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient" as a countervailing "prejudice" under Rule 36(b). *Am. Auto Ass'n, Inc. vs. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). This is why the timing of the motion in the overall context of the case is so important. When early on, with discovery having first begun and with plaintiff in the process of responding to it (Exhibit "8"), there is no prejudice to

10

the plaintiff to withdraw the recent deemed admissions and put the case where it recently was, for normal development.

The instant situation, aside from the separate Rule 11 disqualification issue, is similar to what this Court saw in *Gauthe vs. Mercer*, 2015 U.S. Dist. Lexis 60753, Section No. 15-26 (M.D. La. 9/11/15) where the Court applied Rule 36(b) factors where the respondent provided responses and sought to withdraw the deemed admissions 68 days after the requests were properly propounded.

Catching the error and seeking to withdraw the admissions within 5 weeks of their initial deeming was noted to be the product of "considerable diligence". *Gauthe* at *8. Here, the undersigned first caught the oversight on May 23, 2019, and even with time spent to attempt an amicable resolution and the Memorial Day holiday, had the motion filed with alternative responses (if found to be due) by May 29, 2019.

So for the first Rule 36(b) factor, of whether withdrawal of the admissions would promote the presentation of the merits of the action, just as in *Gauthe*, withdrawal here will allow the seamless presentation of the accident sequence, positions, on-scene effects and alleged later effects to be presented logically and without being disjointed or have missing pieces. The issue of injuries is multifactor inquiry and needs to be addressed through detailed discovery; and once discovery is done, a clearer picture may emerge; and in any event, justice is best served by allowing the discovery process to be completed before addressing dispositive issues, which will greatly enhance settlement prompts, as both sides will have the benefit of all evidence. *See, e.g., Murrell vs. Casterline*, No. CV03-0257A, 2009 U.S. Dist. Lexis 52904 (W.D. La. 6/22/09).

It is relevant here to note that plaintiff has failed to answer a single Interrogatory, even after asking for a Word format version on April 5, 2019 to make the job easier. (See Exhibit "8"). Plaintiff could have no reasonable expectation of avoiding discovery on the essential contested elements of his case. Most important, Mr. Tigler has not been cross-examined in a deposition. Once done and with follow-up discovery, facts as to the circumstances will be better developed to determine whether there is a basis for contributory negligence on third party fault as to the accident causation itself. Defendants should have that chance – which deeming fault would sidestep. This routine discovery was expected and built into the Case Management Order, including special time for an independent medical examination. Discovery is necessary for both fault and damages/causation of injury, and there is no prejudice to anyone to withdraw the premature admissions, inadvertently created.

## CONCLUSION

It is respectfully submitted that the Court rule that there are no deemed admissions as to any defendant due to the Rule 11(a) threshold requirement for all pleadings "and papers" to be signed by a counsel of record, of which Mr. Kurt Offner was not.

The Court should, respectfully, also rule that Mr. Ayala, as to whose service with process related to the suit is entirely absent, is not affected by the requests at issue.

Finally, it is respectfully submitted that if the Requests for Admissions are deemed effective, the deemed admissions should be ordered withdrawn under the facts and circumstances outlined, and the law governing a Rule 36(b) withdrawal. Such is

12
8552370v1

the fairest outcome, and one that will best ensure the claims are resolved fairly, justly and based on evidence.

Respectfully submitted,

/s/ Darrell K. Cherry
Darrell K. Cherry (#04036)
dcherry@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504 581 5141
*Counsel for Defendants,
Starr Indemnity & Liability Company,
R & A Carriers, Inc., and Alfredo Ayala under
a Rule 12 Defense Reservation*

## VERIFICATION

STATE OF LOUISIANA
PARISH OF ORLEANS

**BEFORE ME**, the undersigned authority, came and appeared **DARRELL K. CHERRY** who, after being duly sworn, said and deposed that:

1. He is a person of the full age of majority and a fulltime practicing attorney in Louisiana since 1979;

2. The statements of fact in the attached memorandum in support are true and correct to the best of his knowledge, information and belief.

DARRELL K. CHERRY

SWORN TO AND SUBSCRIBED
before me, Notary, this 29
day of MAY, 2019.

NOTARY PUBLIC
DAVID K. GROOME, JR.
Notary Public
La Bar No. 22788
State of Louisiana
MY COMMISSION EXPIRES UPON DEATH

8552370v1

13