# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENT TIGLER** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-1102-BAJ-RLB** |
| **STARR INDEMNITY & LIABILITY COMPANY, ET AL.** | |

## ORDER

Before the Court is defendant Starr Indemnity & Liability Company's ("Starr") Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (R. Doc. 15) filed on July 1, 2019. On Plaintiff's deadline to file an opposition, Starr filed a Motion for Leave to File Updated, Supplemental Memorandum in Support of Motion to Compel seeking ruling "on the narrower set of issues that are identified in the supplemental memorandum" in light of certain post-motion discovery responses. (R. Doc. 16). The Court granted the foregoing motion, entered the Supplemental Memorandum (R. Doc. 18) into the record, and ordered Plaintiff to file any opposition to the instant motion, as supplemented, by July 29, 2019. (R. Doc. 17). Plaintiff failed to file any opposition. Accordingly, the instant motion, as supplemented, is unopposed.

**I.    Background**

Plaintiff alleges that he incurred damages when his commercial truck was rear-ended by another commercial truck on the interstate on or about December 6, 2017. (R. Doc. 1-2). Plaintiff seeks recovery of past and future medical expenses, pain and suffering, mental anguish and distress, loss of enjoyment of life, loss of income, loss of earning capacity, property damage, and transportation expenses to and from the doctor. (R. Doc. 1-2 at 4). The action was removed on December 26, 2018. (R. Doc. 1).

On January 9, 2019, Starr served Interrogatories and Requests for Production on Plaintiff. (R. Docs. 15-2, 15-3).[1] According to Starr, on June 7, 2018, the parties held a discovery conference with respect to these discovery requests and Plaintiff agreed to provide responses within two weeks. (R. Doc. 15-1). Starr filed the instant Motion to Compel on July 1, 2019 after Plaintiff failed to provide responses.

After the filing of the instant Motion to Compel, Plaintiff provided responses to Starr's Requests for Production on July 11, 2019, and responses to Starr's Interrogatories on July 17, 2019. (R. Docs. 18-1, 18-2).

Starr is now seeking supplemental responses to Requests for Production Nos. 1, 2, 8, 9, 10, and Interrogatory Nos. 2, 4, 8, 14, 17, 20, 21.

## II.   Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the

---

[1] It is unclear when the parties held their Rule 26(f) conference. Starr argues that both the interrogatories and requests for production were "fully operative at least since February 19, 2019" when the Court issued its Scheduling Order. (R. Doc. 15-1 at 2; *See* R. Doc. 12). To be clear, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). A party may, however, serve "Early Rule 34 Requests" prior to a Rule 26(f) conference but "[m]ore than 21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 26(d)(2). Such early requests for production are deemed served at the first Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B). That said, Plaintiff has raised no arguments in support of a finding that the interrogatories or requests for production were served prior to a Rule 26(f) conference.

2

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The Court has reviewed Plaintiff's responses to Starr's discovery requests provided after the filing of the instant motion. Plaintiff did not make any specific objections to the interrogatories and requests for production. Furthermore, Plaintiff did not file any opposition to the instant motion as supplemented. In light of the foregoing, the Court concludes that Plaintiff has waived its objections to Starr's interrogatories and requests for production, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). The Court will ignore Plaintiff's "general objections" to the extent they do not specifically address any particular discovery requests. *See* Fed. R. Civ. 33(b)(4) (objections must be made "with specificity"); Fed. R. Civ. P 34(b)(2)(B) (objections must be made "with specificity" and include reasons); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (The "party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."); *Wittmann v. Unum Life Ins. Co. of Am.*, No. 17-9501, 2018 WL 1912163, at *3

(E.D. La. Apr. 23, 2018) (ignoring general objections, "except insofar as they are specifically asserted in defendant's individualized response to particular discovery requests.").

The Court has reviewed the discovery requests and responses at issue. With the exception of Interrogatory No. 17, Plaintiff's answers are insufficient and must be supplemented as detailed below.

**Request for Production No. 1.** Plaintiff's response is insufficient. Starr seeks medical records concerning his ability or inability to work, or his physical or mental condition, prior to the December 6, 2017 accident. Plaintiff must provide these records or verify that he has signed and provided all medical release forms necessary to obtain this information.

**Request for Production No. 2.** Plaintiff's response is insufficient. Plaintiff states that he has no documentation supporting his claims for special damages at this time. Plaintiff must produce any information currently in his possession, custody, or control supporting his claims for special damages.

**Request for Production No. 8.** Plaintiff's response is insufficient. Plaintiff must verify that he has signed and provided all authorization forms regarding social security earnings history, Medicare/Medicaid payments, and state and federal tax forms. To the extent the request seeks tax returns and associated schedules for the past ten years, Plaintiff must provide the sought information or specify why such information cannot be produced. To the extent the information sought can be obtained through signed authorization forms, Plaintiff must state so in a supplemental response.

**Request for Production No. 9**. Plaintiff's response is insufficient. Plaintiff has explained that he is self-employed and has no W-2s or 1099s to produce. He has not, however, responded with respect to the requested information regarding disability or social security

benefits. Plaintiff must produce this information or specify why such information cannot be produced. To the extent Starr seeks specific information regarding "Team Tigler Transportation, Inc.," the request for production as worded does not cover such information. Starr must seek that information specifically in a separate discovery request or a third-party subpoena.

**Request for Production No. 10**. Plaintiff's response is insufficient. In response to a request for documentation of wages or income lost as a result of the accident, Plaintiff states that he does not currently have such information. Plaintiff must produce any information currently in his possession, custody, or control supporting his claims for lost wages or income. If Plaintiff has no such documentation, he will not be permitted to present such evidence at trial or for summary judgment.

**Interrogatory No. 2.** Plaintiff's response is insufficient. Plaintiff must identify the health care providers for the past 15 years as requested. Plaintiff must provide full names and addresses to properly identify those health care providers, and must also identify the basis for consulting each health care provider.

**Interrogatory No. 4.** Plaintiff's response is insufficient. Starr requests the identification of Plaintiff's employers in the last 15 years, the work function performed, treatment for any work-related injuries, and receipt of any worker's compensation benefits. To the extent Plaintiff was self-employed during this 15-year period he must say so. It appears, however, that Plaintiff may be the sole shareholder in Team Tigler Transportation, Inc. or some other business entity. If so, Plaintiff must identify any business entity from which he obtained any income during the applicable time period.

**Interrogatory No. 8.** Plaintiff's response is insufficient. This interrogatory seeks the dates and facilities at which Plaintiff obtained any imaging services, including X-rays, MRIs, and

CT scans, and identification of the body parts imaged. Plaintiff responded by referring Starr to his medical records. A party has the option to produce business records in lieu of providing a written answer if the records are specified in specific detail. *See* Fed. R. Civ. P. 33(d). Plaintiff makes no attempt, however, to specify any medical records containing records of imaging services. Accordingly, Plaintiff must provide a narrative response to the interrogatory in full.

**Interrogatory No. 14.** Plaintiff's response is insufficient. The information sought is in Plaintiff's possession, custody, or control. Plaintiff must provide the sought details of his previous accident in 2016 involving litigation.

**Interrogatory No. 17.** When asked what social media accounts he has had in the last five years and the subject matters of the posts since the accident, Plaintiff stated that he has Facebook and Instagram accounts and has not made any posts regarding the subject accident. This response is sufficient for the purposes of the interrogatory. An interrogatory seeking the subject matter of every social media post, without limitation, is overly broad and amounts to a fishing expedition. To the extent Starr is seeking more information with respect to the nature of posts made after the accident that do not involve the accident (perhaps for the purposes of impeachment or to show that such posts are inconsistent with the claims made in this case), Starr must seek such information through a request for production. That Request for Production should be narrowed in order to obtain only information within the scope of discovery.

**Interrogatory No. 20.** Plaintiff's response is insufficient with respect to Plaintiff's claims for lost wages and earning capacity. Plaintiff must provide Starr with the amount of income he earned since 2005 as requested and identify the approximate amount of damages sought.

**Interrogatory No. 21.** Plaintiff's response is insufficient. Plaintiff must list total gross income for each year since 2008, the sources of the income, and whether he filed state or federal tax returns for those years.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Starr's Motion to Compel (R. Doc. 15), as supplemented (R. Doc. 18), is **GRANTED IN PART and DENIED IN PART**. Plaintiff must provide supplemental responses, as detailed above, and without further objection, within **10 days** of the date of this Order. Failure to comply with this Order could result in sanctions, including the inability to support or oppose designated claims or defenses as well as the dismissal of the action or claims in who or in part. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that any future Rule 37(a)(1) or Rule 26(c)(1) certification submitted to the Court in this action must set forth (1) when such conference took place, (2) who participated in the conference, (3) how it was conducted (by phone or in person), (4) what topics were specifically addressed, (5) what topics, if any, were resolved, and (6) how long the conference lasted (in minutes).

Signed in Baton Rouge, Louisiana, on August 21, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**